WILLIAM B. DINGLEY

*vs.*

ROBERT H. GARDINER and others, Trustees.

Sagadahoc.   Opinion December 7, 1881.

| 73 | 63 |
| 95 | 324 |
| f95 | 325 |

*Mill dam.   Reservoir dam.   Flash boards.   R. S., c. 92.*

A complaint under the mill act, R. S., c. 92, is the proper remedy and may be maintained by one whose lands are injured by flowage caused by flash boards erected upon a dam when the dam itself is within the mill act.

A reservoir dam may be a dam within the mill act.

A mill owner, whose mill is benefitted by the reserved water of a reservoir dam erected upon his land, is subject to the provisions of the act, though there are other mills benefitted by the same reservoir.

ON EXCEPTIONS.

Action on the case.

The opinion states the material facts.

The deeds of the five dams on the stream not now owned by these trustees contained the following provision :

"And whereas the dam at the outlet of Winthrop pond and the dam at the upper mills, so called, in Gardiner are necessary for the use of all the mills and for the benefit of all the privileges on the Cobbossee stream, including that granted by said indenture to . . [Grantees.] It is agreed by the parties hereto that the discharge of water at these points shall be subject to regulations to be adopted by all parties and persons who may be interested therein in manner following, that is to say :   The owner or owners of either of the dams benefitted by said reservoir dam may call a meeting of the owners or proprietors of dams on said stream, below the upper dam by, &c. . . . [Notice.] At such meeting the owners of such dams as are benefitted by said reservoir dams below the upper dam may vote by proxy duly appointed in writing. And such owner shall have one vote for every foot of head and fall of water owned by him. . . . .
[Quorum.] Rules may be adopted or modified and changed at

such meetings by a majority of the votes present, for the regulation of the water and the discharge thereof at said reservoir dams. An agent or agents may be appointed at such meetings to carry into effect the rules adopted by such proprietors, who shall have the right of entering the premises where said reservoir dams are situated at all times and of performing all such acts as may be necessary for carrying such rules into effect. The expense of tending the gates at said ·reservoir dams and of repairing and rebuilding the said gates or dams and all damages hereafter incurred, or for which said dams may be liable in consequence of flowing, or otherwise, shall be borne by the proprietors of all the dams, below the upper dam, benefitted thereby in proportion to the number of votes to which they are severally entitled as herein stipulated."

At the trial after the testimony was out the presiding justice ruled that the action could not be maintained and directed that a nonsuit be entered. To this ruling the exceptions were taken.

*J. W. Spaulding and F. J. Buker*, for the plaintiff, cited: *Baird* v. *Hunter*, 12 Pick. 556; *Fitch* v. *Stevens*, 4 Met. 426; *Crockett* v. *Millett*, 65 Maine, 195; *Jones* v. *Skinner*, 61 Maine, 25; *Farrington* v. *Blish*, 14 Maine, 423.

This case differs from *Goodwin* v. *Gibbs*, 70 Maine, 243. There the several owners of mills standing on their own land united in building and maintaining a dam on land they owned as tenants in common. Here the several owners of mills united in erecting flash boards upon the dam, situated on land owned by one of them (these trustees) and it was the flowage caused by these flash boards that damaged this plaintiff. And, therefore, a complaint could not truthfully allege the essential facts that the parties who erected and controlled the flash boards owned the land upon which the dam stood.

Our statutes differ from Massachusett's statutes, hence, the intimation of the court in *Norton* v. *Hodges*, 100 Mass. p. 244, could not apply in this State.

*Orville D. Baker (J. Baker* with him), for the defendants, cited: R. S., c. 92, § 23; *Hill* v. *Baker*, 28 Maine, 20; *Veazie* v.

*Dwinel*, 50 Maine, 485 ; *Shaw* v. *Wells*, 5 Cush. 537 ; *McNally* v. *Smith*, 12 Allen, 455 ; Angell, Water Courses, § 489 ; *Gordon* v. *Saxonville Mills*, 14 Allen, 220 ; *Brady* v. *Blackington*, 113 Mass. 242 ; *Richardson* v. *Curtis*, 2 Cush. 341 ; *Walcott Co.* v. *Upham*, 5 Pick. 292 ; *Nelson* v. *Butterfield*, 21 Maine, 220 ; *Crockett* v. *Millett*, 65 Maine, 191 ; *Goodwin* v. *Gibbs*, 70 Maine, 243 ; *Bates* v. *Weymouth Iron Co.* 8 Cush. 548 ; *Farrington* v. *Blish*, 14 Maine, 426 ; *Strout* v. *Millbridge Co.* 45 Maine, 87 ; *Jones* v. *Skinner*, 61 Maine, 26 ; Wood on Nuisances, § § 834, 836 ; *Fitch* v. *Stevens*, 4 Met. 426.

APPLETON, C. J. This is an action on the case to recover damage for the flowage of the plaintiff's meadow in Richmond, by reason of the defendants' dam on the Cobbosseecontee stream in Gardiner.

The dam in controversy is a reservoir dam on land belonging to the defendants as trustees, but there is no mill on this dam. There are seven dams below on the Cobbosseecontee stream, on which are mills, all of which are operated by the head of water raised by the dam in question. The defendants as trustees own two of the dams below and the mills on the same, with the land on which their dams and mills are erected.

The damage for which compensation is sought, was occasioned by flash boards.

The defendants own the land on which the reservoir dam is built, and the dam and mills for whose use the first named dam exists. They are operated by the head of water created thereby.

No principle of law is better settled than that this action cannot be maintained, where the party injured can proceed under the flowage act, R. S., c. 92.

It matters not whether the flowage was caused by the dam or by flash boards. The injury is none the less in the one case than in the other. The same remedy for redress is open in the one case as in the other  Whether the plaintiff's land is overflowed by a dam or by flash boards, the height of the water the same, the damage to his land is the same. *Gordon* v. *Saxonville Mills*, 14 Allen, 220 ; *Brady* v. *Blackington*, 113 Mass. 242.

The reservoir dam is within the mill act. It has ever been so held. The statute authorizes the erection of dams. It does not restrict the mill owner to one dam. *Bates* v. *Weymouth Iron Co.* 8 Cush. 548; *Nelson* v. *Butterfield*, 21 Maine, 220. "Reservoir dams," remarks COLT, J., in *Norton* v. *Hodges*, 100 Mass. 242, "for the benefit of mills upon the same stream have been held to come within the protection of the statute; and this although such a dam may not be immediately connected with or very near the mill."

The defendants are mill owners as well as dam owners. They are within the clear language and object of the statute. That others may be benefitted by the water saved by the reservoir dam does not in the least relieve them from liability. They none the less own the dam, which injures the plaintiff by causing back water, and the mills which are benefitted by the water reserved. The dam is directly subservient to the purpose of driving the defendants' mills and increasing their water power, though other dams and mills may be nearer the reservoir dam.

The only remedy open to the plaintiff is by complaint under the statute. *Goodwin* v. *Gibbs*, 70 Maine, 243; *Shaw* v. *Wells*, 5 Cush. 538; *Crockett* v. *Millett*, 65 Maine, 191.

*Exceptions overruled.*

BARROWS, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.